UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATHWARD,
NATIONAL ASSOCIATION,
Plaintiff,

Case No. 26-CV-12226-FKB-EAS
Hon. F. Kay Behm
Hon. Magistrate Elizabeth A. Stafford

DYNAMIC METALS, LLC,
GEM CITY METAL TECHNOLOGIES, LLC,
DYNAMIC INDUSTRIAL GROUP, LLC
DENNIS H, NYSTROM and DONALD NYSTROM
Defendants.

# DEFENDANT DENNIS NYSTROM'S BRIEF IN RESPONSE TO PLAINTIFF'S MOTION FOR APPOINTMENT OF RECEIVER

## STATEMENT OF ISSUE PRESENTED

Should the Court grant Plaintiff's Motion for Appointment of a Receiver over Defendants Dynamic Metals, Inc. and Gem City Metal Technologies, LLC?

Plaintiff says: Yes

Defendant Dennis Nystrom says: No

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

Petitpren v Taylor Sch. Dist., 104 Mich App. 283 (1981)

Meyer Jewelry Co. v Meyer Holdings, Inc., 906 F. Supp. 428 (E.D. Mich. 1 995)

Sec. & Exch. Comm'n v. Republic Nat. Life Ins. co. 378 F. Supp. 430 (S.D.N.Y 1974)

Steinberg v. Young, 641 F. Supp.2d 637 (E. D. Mich. 2009)

## INTRODUCTION

Plaintiff Pathward, National Association (the "Bank") seeks the appointment of a receiver over Defendants Dynamic Metals, LLC and Gem City Technologies Group, LLC (collectively, the "Companies"), in which Dennis Nystrom holds a majority ownership interest. The request arises from the Bank's desire to foreclose on one or more commercial loans, even though the loans are over-collateralized by security interests in receivables, inventory, machinery, and real estate. The Bank also has been fully informed of—and has actively participated in—negotiations with Davidson Kempner Capital Management LP ("DK"), a third party seeking to acquire the Bank's position. The Bank has negotiated directly with DK and indicated its willingness to accept the proposed financial terms. OnAugust 25, 2026, Dennis Nystrom provided the Bank's counsel with an executed copy of DK's term sheet, and the parties expect to complete the transaction within one month.

Accordingly, there is no basis to appoint a receiver. Such relief would be premature, unnecessary, costly, and disruptive to the parties' efforts to reach a reasonable negotiated resolution that benefits all parties—a result favored by courts over the extraordinary, last-resort remedy of receivership requiring ongoing court supervision and expense.

## ARGUMENT

The Michigan state and federal courts have cautioned that the appointment of a receiver is a "harsh remedy." It is one that "should only be resorted to in extreme cases." *Petitpren v. Taylor Sch. Dist.,* 104 Mich. App., 283, 295 (1981)(emphasis added). "The appointment of a receiver is an extraordinary equitable remedy that is justified only in extreme situations." *Meyer Jewelry Co. v Meyer Holdings, Inc.*, 906 F.Supp. 428, 432 (E.D.Mich. 1995) (emphasis added). The Bank is now trying to do the very thing the court in *Sec. & Exch. Comm'n v. Republic Nat. Life Ins. Co*. F.Supp. 430, 437 (S.D.N.Y. 1974) cautioned against, when it stated: "[r]eceivership may interfere seriously with a defendant's property rights by ousting it from control and even possession." This is the what would occur here if the court were to appoint a receiver rather than let the Defendants complete their efforts. The companies, through their CEO and majority owner Dennis Nystrom, are working tirelessly to complete and close a transaction with DK. The Bank's initial Motion and Reply Brief fail to establish either the right to, or theneed for, a receiver. Apart from unsupported and unverified apparent opinions from Donald Nystrom's counsel—which have no evidentiary value—the Bank has offered nothing that satisfies the criteria for appointing a receiver: (1 ) the probability that fraudulent conduct has occurred or will occur to frustrate a valid claim by the Bank; (2) an imminent danger that property will be lost, concealed, or diminished in value; (3) the inadequacy of legal remedies; (4) the absence of less drastic equitable remedies; and (5) the likelihood that appointing a receiver will do more good than harm. Steinberg v.

Young, 641 F. Supp. 2d 637,641 (E.D. Mich. 2009). Merely identifying a person who may be qualified to serve as receiver does not cure these deficiencies or justify the unnecessary expense. The Bank has presented no evidence that fraudulent conduct will occur under Dennis Nystrom's management or that property is likely to be lost, concealed, or diminished in value; indeed, the Bank is fully protected and over-secured. Nor has it shown that less drastic equitable remedies are unavailable or that a receivership would do more good than harm. To the contrary. A receivership would increase expenses, put hundreds of employees out of work, deprive the community of a business, and force customers to seek alternative sources for their aerospace, defense, and automotive needs. Dennis Nystrom and the companies have been working with DK to preserve and turn around the business through an infusion of capital while satisfying the Bank's repeated desire to exit the loan facility. Under these circumstances, appointing a receiver is neither necessary nor warranted. No one – except perhaps the receiver and the lawyers will benefit from a receivership — will benefit from this "extraordinary equitable remedy that is justified only in extreme situations." Meyer Jewelry, *supra,* 906 F.Supp. 428, at 432.

## CONCLUSION

Defendant Dennis Nystrom, on behalf of himself and in the best interests of the companies, urges this Court to deny — or at least delay — the appointment of a receiver.

Dated: August 26, 2026

Respectfully Submitted,

Dennis H. Nystrom
684 Brakel Pt. Dr.
Traverse City, MI 49685
dnystrtomsave@aol.com
317-319-3132
In pro per