UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATHWARD,
NATIONAL ASSOCIATION,
*Plaintiff,*

Case No. 26-CV-12226-FKB-EAS

*v.*

Hon. F. Kay Behm
Hon. Magistrate Elizabeth A. Stafford

DYNAMIC METALS, LLC,
GEM CITY METAL TECHNOLOGIES, LLC,
DYNAMIC INDUSTRIAL GROUP, LLC
DENNIS H. NYSTROM and DONALD NYSTROM
*Defendants.*

**DEFENDANTS' ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY**

Defendant Dennis H. Nystrom, on behalf of himself and joined by Dynamic Metals, LLC, Gem City Metal Technologies, and Dynamic Industrial Group, LLC, responds to Pathward, National Association First Amended Complaint as follows:

1. Defendants admit diversity jurisdiction, but lack information and knowledge as to the remaining allegations and therefore leave Plaintiff to its proofs.

2. Admit.

3. Defendants admit that Gem is 100% owned by Dynamic Metals which is owned 100% by Dynamic Industrial.

4. Admit

5. Defendant Dennis Nystrom admits that he resides in, and is a citizen of, the state of Michigan. Nystrom denies the remaining allegations.

6. Admit

7. Defendants admit that Dynamic Industrial Group, LLC is a Delaware limited liability company.

8. Admit

9. Defendants admit diversity jurisdiction but lack sufficient knowledge as to the remaining allegation and therefore leave Plaintiff to its proofs.

10. Admit

11. Admit

12. Defendants state that the Loan Agreement is the best evidence of its content and leave Plaintiff to its proofs.

13. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and thus neither admit nor deny the allegations.

14. Defendants lack knowledge and information sufficient to form a belief as the accuracy of the allegation and leave Plaintiff to its proofs.

15. Defendants deny that Dynamic Industrial is "an affiliate" of Dynamic and Gem, but rather is an owner. As to the remaining allegations, the documents are the best evidence of their content.

16. Defendant Dennis Nystrom admits that he executed the April 23, 2024 Guaranty but leaves Plaintiff to its proofs as to the remaining allegations. Defendant states that the document is the best evidence of its content.

17. Defendants neither admit nor deny the allegations for lack of information and knowledge and leave Plaintiff to its proofs.

18. Paragraph 18 contains no factual allegations and requires no response.

19. Paragraph 19 contains no factual allegations and requires no response.

20. Defendants neither admit nor deny the allegations in paragraph 20 that attempt to characterize the Loan Documents, which are the best evidence of their content.

21. Defendants deny that Pathward is entitled to the appointment of a Receiver or any other equitable remedies under the existing conditions at this time and leave Plaintiff to its proofs. In further response, Defendants state that Plaintiff Bank acted in bad faith and has breached its duty of good faith and fair dealing.

22. Plaintiff alleges no facts in paragraph 22 and thus it requires no response.

23. Defendants lack knowledge and information sufficient to form a belief as to the trust of the allegations and leave Plaintiff to its proofs.

24. Defendants neither admit nor deny the allegations pertaining to the Amended And Restated Forbearance Agreement, which is the best evidence of its content.

25. Defendants neither admit nor deny the allegations pertaining to the Amended and Restated Forbearance Agreement, which is the best evidence of its content. In further response, Defendants state that Plaintiff acted in bad faith and violated its duty of good faith and fair dealing.

26. Defendants lack information and knowledge sufficient to form a belief as to their truth and leave Plaintiff to its proofs. In further response, Defendants state that Plaintiff conducted audits of Dynamic over a period of years, charged Defendant corporations for said audits, and at the conclusion of each audit failed to disclose to Dennis Nystrom of any findings evidencing a default or concern.

27. Defendants lack information and knowledge sufficient to form a belief as to the accuracy of the allegations in paragraph 27 and leave Plaintiff to its proof. In further response, Defendants state that the "Notice of Default" is the best evidence of its content and intentions. Moreover, Plaintiff Bank violated its duty of good faith and fair dealing in its negotiations and conduct with Dennis Nystrom and the corporations.

28. Defendants admit the parties entered into a Letter Agreement and Reservation of Rights dated March 12, 2026, which is the best evidence of its content. In further response, Defendants state that Plaintiff Bank subsequently breached its agreement to make certain protective advances, as it alleges.

29. Denied, except that Defendants admit Plaintiff sent a "Notice of Default" on or about May 28, 2026.

30. Defendants lack information and knowledge as to the accuracy of the allegations and therefore neither admit nor deny the allegations.

31. Defendants lack information and knowledge sufficient to form a belief as to the accuracy of the allegations, which do not pertain to Dennis Nystrom.

32. Defendants admit that on June 19, 2026, Plaintiff issued a letter in the form of Exhibit 13 which is the best evidence of its content but deny the right to the demands made in that letter. In further response, Defendants state that Plaintiff acted in bad faith and violated their duty of good faith and fair dealing.

33. Denied. In further response, Defendants state that Plaintiff acted in bad faith, violated its duty of good faith and fair dealing and frustrated, interfered with and prevented Defendants' efforts to secure alternative financing.

34. Denied.

**COUNT I**

35. Defendants incorporate by reference and restate all answers above as if fully incorporated herein.

36. The allegations call for a legal conclusion and therefore require no response.

37. Denied

38. Denied

39. Denied

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's amended complaint as to these defendants and enter judgment in favor of Defendants.

**COUNT II**

38. (sic) Defendants incorporate by reference and restate all answers above as if fully stated herein.

39. (sic) Denied because the allegations call for a legal conclusion and therefore require no response.

40. (sic) Denied

41. (sic) Denied. In further response, Defendants state that Plaintiff Bank acted in bad faith, violated its duty of good faith and fair dealing and frustrated, interfered with and prevented Defendants from securing alternative financing.

42. (sic) Denied

**WHEREFORE,** Defendants respectfully request that this Court dismiss Plaintiff's Amended Complaint and enter judgment in favor of Defendants.

**COUNT III**

43. (sic) Defendants incorporate by reference and restate all answers above as if fully stated herein.

44. (sic) Denied. In further response, Defendants state that Plaintiff has acted in bad faith, violated its duty of good faith and fair dealing, and frustrated, interfered with, and prevented Defendants' efforts to secure alternative financing.

45. (sic) Paragraph 45 (sic) states legal conclusions and requires no response.

46. (sic) Denied. In further response, Defendant Dennis Nystrom and the corporate entities filed a response opposing the appointment of a Receiver.

. 47. (sic) Denied. In further response, during the period between February and today's date, the amount owed to the Plaintiff Bank has been reduced by $6 million as a result of actions Dennis Nystrom has taken. Rather than having its position deteriorate, the Bank's financial security has improved substantially, as the ratio of assets to debt exceed 2:1 in favor of Pathward.

**WHEREFORE,** Defendants respectfully request that this Court dismiss Plaintiff's Amended Complaint and enter judgment in favor of Defendants.

**Count IV**

48. (sic) Defendants incorporate by reference and restate all answers above as if fully stated herein.

48. (sic) Denied

49. (sic) Denied

50. (sic) Denied.

**WHEREFORE,** Defendants respectfully request that this Court dismiss Plaintiff's Amended Complaint and enter judgment in favor of Defendants.

**AFFIRMATIVE DEFENSES**

1. Plaintiff by its actions prevented Defendant Dennis Nystrom and the corporate defendants from securing and completing a transaction for alternative financing.

2. Plaintiff misrepresented its approval of financing that Defendants had secured.

3. Plaintiff breached its duty of good faith and fair dealing.

4. Plaintiff frustrated and prevented Defendants' performance under the Agreement.

5. Lack of consideration. Defendants paid for audits to be performed by the Bank. The Bank was negligent in its audits and failed to report findings to Dennis Nystrom that it had concerns about the findings in its audits.

6. Plaintiff was fully secured and at the time of the filing the Motion for Receivership had reduced its outstanding loan for which Defendant Dennis Nystrom had secured a negotiated payment to the Bank.

**DEMAND FOR JURY**

Defendants demand a trial by jury.

Dated: August 31, 2026

Respectfully Submitted,

/s/Dennis H. Nystrom

Dennis H. Nystrom
Dnystromsave@aol.com
684 Brakel Pt. Dr.
Traverse City, MI 49685
317-319-3132