**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PATHWARD NATIONAL ASSOCIATION,

Plaintiff,

v.

DYNAMIC METALS, INC.,
GEM CITY METAL TECHNOLOGIES, LLC,
DYNAMIC INDUSTRIAL GROUP, LLC, DENNIS NYSTROM, and
DONALD NYSTROM,

Defendants.

Case No. 26-cv-12226-FKB-EAS
Hon. F. Kay Behm
Mag. Elizabeth A. Stafford

---

**DONALD NYSTROM'S ANSWER TO PATHWARD'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Donald Nystrom ("Nystrom") through his counsel Honigman LLP hereby files his Answer to Plaintiff Pathward, N.A.'s ("Pathward") First Amended Complaint (the "Complaint"). Nystrom answers only on his behalf and not on behalf of any other Defendant. Any allegation not expressly admitted herein is denied. For his Answer, Nystrom states as follows:

1. In response to the allegations contained in paragraph 1 of the Complaint, Nystrom lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

2. In response to the allegations contained in paragraph 2 of the Complaint, Nystrom admits those allegations.

3. In response to the allegations contained in paragraph 3 of the Complaint, Nystrom lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

4. In response to the allegations contained in paragraph 4 of the Complaint, Nystrom lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

5. In response to the allegations contained in paragraph 5 of the Complaint, Nystrom lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

6. In response to the allegations contained in paragraph 6 of the Complaint, Nystrom admits those allegations.

7. In response to the allegations contained in paragraph 7 of the Complaint, Nystrom lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

8. In response to the allegations contained in paragraph 8 of the Complaint, Nystrom lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

9. In response to the allegations contained in paragraph 9 of the Complaint, Nystrom does not contest this Court's subject matter jurisdiction. Nystrom denies that Pathward is entitled to any damages from him.

10. In response to the allegations contained in paragraph 10 of the Complaint, the terms of the Loan Agreement, Guaranties, and Forbearance Agreement speak for themselves, and Nystrom denies the allegations to the extent they are inconsistent with these documents. Nystrom does not contest this Court's personal jurisdiction over him or that venue is proper.

## Background

11. In response to the allegations contained in paragraph 11 of the Complaint, the terms of the Loan Agreement speak for themselves, and Nystrom denies the allegations to the extent they are inconsistent with this document. Nystrom denies the remaining allegations.

12. In response to the allegations contained in paragraph 12 of the Complaint, the terms of the Loan Agreement speak for themselves, and Nystrom denies the allegations to the extent they are inconsistent with this document. Nystrom denies the remaining allegations.

13. In response to the allegations contained in paragraph 13 of the Complaint, the terms of the Loan Agreement and Promissory Notes speak for themselves, and Nystrom denies the allegations to the extent they are inconsistent with these documents. Nystrom denies the remaining allegations.

14. In response to the allegations contained in paragraph 14 of the Complaint, no response is needed to this allegation.

15. In response to the allegations contained in paragraph 15 of the Complaint, the terms of the Guaranty speak for themselves, and Nystrom denies the allegations to the extent they are inconsistent with this document. Nystrom denies the remaining allegations.

16. In response to the allegations contained in paragraph 16 of the Complaint, the terms of the Personal Guaranty speak for themselves, and Nystrom denies the allegations to the extent they are inconsistent with this document. Nystrom denies the remaining allegations.

17. In response to the allegations contained in paragraph 17 of the Complaint, the terms of the Personal Guaranty speak for themselves, and Nystrom denies the allegations to the extent they are inconsistent with this document. Nystrom denies the remaining allegations.

18. In response to the allegations contained in paragraph 18 of the Complaint, no response is needed to this allegation.

19. In response to the allegations contained in paragraph 19 of the Complaint, no response is needed to this allegation.

20. In response to the allegations contained in paragraph 20 of the Complaint, the terms of the Loan Documents speak for themselves, and Nystrom denies the allegations to the extent they are inconsistent with these documents. Nystrom denies the remaining allegations.

21. In response to the allegations contained in paragraph 21 of the Complaint, the terms of the Loan Documents speak for themselves, and Nystrom denies the allegations to the extent they are inconsistent with these documents. Nystrom denies the remaining allegations.

22. In response to the allegations contained in paragraph 22 of the Complaint, no response is needed to this allegation.

23. In response to the allegations contained in paragraph 23 of the Complaint, Nystrom denies those allegations.

24. In response to the allegations contained in paragraph 24 of the Complaint, the terms of the Forbearance Agreement speak for themselves, and Nystrom denies the allegations to the extent they are inconsistent with this document. Nystrom denies the remaining allegations.

25. In response to the allegations contained in paragraph 25 of the Complaint, the terms of the Forbearance Agreement speak for themselves, and Nystrom denies the allegations to the extent they are inconsistent with this document. Nystrom denies the remaining allegations.

26. In response to the allegations contained in paragraph 26 of the Complaint, Nystrom denies those allegations.

27. In response to the allegations contained in paragraph 27 of the Complaint, Nystrom admits only that he received correspondence from Pathward

dated February 25, 2026. The terms of the Notice of Default speak for themselves, and Nystrom denies the allegations to the extent they are inconsistent with this document. Nystrom denies the remaining allegations.

28. In response to the allegations contained in paragraph 28 of the Complaint, the terms of the Letter Agreement speak for themselves, and Nystrom denies the allegations to the extent they are inconsistent with this document. Nystrom denies the remaining allegations.

29. In response to the allegations contained in paragraph 29 of the Complaint, the terms of the Additional Notice of Default speak for themselves, and Nystrom denies the allegations to the extent they are inconsistent with this document. Nystrom denies the remaining allegations.

30. In response to the allegations contained in paragraph 30 of the Complaint, the terms of the Demand speak for themselves, and Nystrom denies the allegations to the extent they are inconsistent with this document. Nystrom denies the remaining allegations.

31. In response to the allegations contained in paragraph 31 of the Complaint, Nystrom denies those allegations.

32. In response to the allegations contained in paragraph 32 of the Complaint, the terms of the Additional Demand speak for themselves, and Nystrom

denies the allegations to the extent they are inconsistent with this document. Nystrom denies the remaining allegations.

33. In response to the allegations contained in paragraph 33 of the Complaint, Nystrom denies those allegations.

34. In response to the allegations contained in paragraph 34 of the Complaint, Nystrom denies those allegations.

## COUNT I – BREACH OF CONTRACT BY BORROWERS

35. Nystrom incorporates by reference and restates his responses and answers to each of the foregoing paragraphs.

36. The allegations contained in paragraph 36 of the Complaint are not made against Nystrom and therefore no answer from Nystrom is required.

37. The allegations contained in paragraph 37 of the Complaint are not made against Nystrom and therefore no answer from Nystrom is required.

38. The allegations contained in paragraph 38 of the Complaint are not made against Nystrom and therefore no answer from Nystrom is required.

39. The allegations contained in paragraph 39 of the Complaint are not made against Nystrom and therefore no answer from Nystrom is required.

## COUNT II – BREACH OF CONTRACT BY GUARANTORS

38. Nystrom incorporates by reference and restates his responses and answers to each of the foregoing paragraphs.

39. The allegations contained in paragraph 39 [sic] of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Nystrom neither admits nor denies those allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

40. In response to the allegations contained in paragraph 40 of the Complaint, Nystrom denies those allegations.

41. In response to the allegations contained in paragraph 41 of the Complaint, Nystrom denies those allegations.

42. In response to the allegations contained in paragraph 42 of the Complaint, Nystrom denies those allegations.

**COUNT III – APPOINTMENT OF GENERAL RECEIVER OVER BORROWERS**

43. Nystrom incorporates by reference and restates his responses and answers to each of the foregoing paragraphs.

44. In response to the allegations contained in paragraph 44 of the Complaint, Nystrom denies those allegations.

45. Paragraph 45 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, this paragraph is denied.

46. In response to the allegations contained in paragraph 46 of the Complaint, the terms of the Forbearance Agreement and Mortgage speak for

themselves, and Nystrom denies the allegations to the extent they are inconsistent with these documents. Nystrom denies the remaining allegations.

47. In response to the allegations contained in paragraph 47 of the Complaint, Nystrom denies those allegations.

**COUNT IV – REPLEVIN / FORECLOSURE OF PATHWARD COLLATERAL**

48. Nystrom incorporates by reference and restates his responses and answers to each of the foregoing paragraphs.

49. In response to the allegations contained in paragraph 49 of the Complaint, Nystrom denies those allegations.

50. In response to the allegations contained in paragraph 50 of the Complaint, the terms of the Loan Documents speak for themselves, and Nystrom denies the allegations to the extent they are inconsistent with these documents. Nystrom denies the remaining allegations.

**AFFIRMATIVE DEFENSES**

1. Pathward has failed, in whole or in part, to state a claim upon which relief may be granted.

2. Pathward's claims are barred, in whole or in part, by the doctrine of unclean hands.

3. Pathward's claims are barred, in whole or in part, by the doctrine of estoppel.

4. Pathward's claims are barred, in whole or in part, by the doctrine of waiver.

5. Pathward's claims are barred, in whole or in part, by the doctrine of laches.

6. Pathward's claims are barred, in whole or in part, by the first material breach doctrine.

7. Pathward's claims are barred, in whole or in part, because they were taken in bad faith.

8. Pathward's claims are barred, in whole or in part, because Pathward failed to mitigate its damages.

9. Pathward's claims are barred, in whole or in part, because of Pathward's own actions and omissions.

10. Pathward's claims are barred, in whole or in part, because Pathward failed to meet all conditions precedent to its alleged entitlement to performance.

11. Pathward's claims are barred, in whole or in part, because Pathward's alleged damages, if any, were the result of conduct of persons other than Nystrom for whom Nystrom has no legal responsibility.

12. Pathward's claims are barred, in whole or in part, because Nystrom breached no duty, contractual or otherwise, owed to Pathward.

13. Pathward's damages, if any, are subject to setoff by amounts received by Pathward from any co-Defendant or from the liquidation of any loan collateral.

14. Pathward's claims are barred, or may be barred, if Pathward does not have possession of a proper assignment of the loan documents and does not have physical possession of the original promissory note.

15. Pathward's claims are barred, or may be barred, by the one-action rule.

16. Pathward's claims are barred, or may be barred, by the applicable statute of frauds or the statute of limitations.

17. Nystrom reserves the right to identify and add such additional affirmative defenses as may be appropriate and amend these affirmative defenses accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Nystrom respectfully requests that this Court rule in his favor and against Pathward as follows:

a) Dismiss Pathward's Complaint with prejudice as against Nystrom;

b) Enter judgment in favor of Nystrom and against Pathward;

c) Award Nystrom his attorney's fees, costs, and expenses to the fullest extent permitted by law;

d) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

HONIGMAN LLP

Dated: August 31, 2026

By: */s/ Brandon J. Wilson*
Nick Gorga (P72297)
Brandon J. Wilson (P73042)
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
(313) 465-7616
ngorga@honigman.com
bwilson@honigman.com
*Attorneys for Defendant*
*Donald Nystrom*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2026, I electronically filed *Defendant Donald Nystrom's Answer to Pathward's First Amended Complaint and Affirmative Defenses* with the Clerk of the Court using the ECF system, which will send notification of such filing to those registered persons/members of the Court's ECF system who are participants in these proceedings via electronic notice of this filing.

*/s/ Brandon Wilson*
Brandon J. Wilson (P73042)