UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATHWARD, NATIONAL ASSOCIATION,

Plaintiff,

v.

DYNAMIC METALS, LLC, *et al.*,

Defendants.
_____________________________/

Case No. 4:26-cv-12226

Hon. F. Kay Behm
United States District Judge

**ORDER TO OBTAIN COUNSEL**

On July 1, 2026, Plaintiff Pathward, National Association filed this suit against Dynamic Metals, LLC; Gem City Metal Technologies, LLC; Dynamic Industrial Group, LLC; Dennis Nystrom; and Donald Nystrom. On August 4, 2026, Donald Nystrom appeared through counsel (ECF No. 16), and on August 28, 2026, Dennis Nystrom appeared *pro se*, filing an answer to the pending motion to appoint a receiver and later an answer to the amended complaint on behalf of himself and "joined by" the three LLC Defendants. (ECF Nos. 20, 21, 22). No counsel has otherwise appeared on behalf of the LLC Defendants.

An LLC may not litigate a case *pro se*; it must have a lawyer represent it or risk default or dismissal. *See Rowland v. California Mens Colony, Unit II Mens' Advisory Council*, 506 U.S. 194, 201-03 (1993) ("A corporation, partnership, or association may appear in federal courts only through licensed counsel and not through the pro se representation of an officer, agent, or shareholder.")); *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney."); *SEC v. Merklinger*, 489 F. App'x 937, 939-40 (6th Cir. 2012) ("A corporate officer may not appear in federal court on behalf of the corporation; rather, the corporation must be represented by counsel.") (citing *Taylor Steel, Inc. v. Keeton*, 417 F.3d 598, 603 (6th Cir. 2005)); *see also Century 21 Real Est., LLC v. Everitt*, No. 08-14609, 2009 WL 187704, at *1 (E.D. Mich. Jan. 23, 2009) ("The rule requiring representation by a licensed attorney applies to all artificial entities, including limited liability companies (LLCs ).").

As such, the Court **ORDERS** the LLC Defendants to obtain counsel **by September 9, 2026**, and **such counsel shall attend the motion hearing scheduled in this matter on September 9, 2026, at 10:00am on Plaintiff's Motion for Appointment of Receiver.** Failure to cure the lack of

representation in that time may result in a default against the LLC Defendants.

**SO ORDERED.**

Date: September 3, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge